# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Jonathan Cole, Katie Sullivan, and Nathaniel Faflick, <br><br> Plaintiffs, <br><br> vs. <br><br> Duane Goossen, in his official capacity as Secretary of Administration; Tom Day, in his official capacity as Legislative Administrative Services Director; and Sherman Jones, Superintendent of Kansas Highway Patrol, <br><br> Defendants. | Case No. 5:19-cv-04028 |

## **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

For the reasons stated in Plaintiffs' accompanying Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction, Plaintiffs seek a preliminary injunction to prevent the further enforcement of Defendants' policies and practices that suppress free expression at the Kansas Statehouse. In particular, Plaintiffs move to enjoin enforcement of K.A.R. 1-49-10, which requires individual and small groups to obtain a permit in order to assemble at the Statehouse. Plaintiffs also seek a preliminary injunction to prevent further enforcement of the following provisions of the "Policy for Usage of the Statehouse and Capitol Complex": (1) Rule 2(a)(i), requiring permit applications be submitted ten businesses days in advance of a Statehouse event; (2) Rule 2 (e)(i), which provides the Secretary of Administration with ultimate and standardless

authority to approve or deny a permit application; (3) Rule 3(i)(ii), which requires a legislative sponsor to obtain a permit for a protest at the Statehouse; and (4) Rule 3(h)(xxii), which imposes a categorical ban on signs inside the Capitol Complex.  Finally, Plaintiffs seek to enjoin Defendants' policy of permitting Capitol Police to categorically ban individuals from the Statehouse, codified as K.A.R. 1-49-9.

Plaintiffs Jonathan Cole, Katie Sullivan, and Nathaniel Faflick are student activists wish to engage in small, non-disruptive protests at the Kansas Statehouse. However, Defendants' rules prohibit them from exercising their First Amendment rights to assemble and protest.

By requiring Plaintiffs to obtain a permit for meetings and demonstrations involving only three people inside the Statehouse and anywhere on the grounds, Defendants impose an unnecessary and impermissible prior restraint on political expression at the core of First Amendment protection. Moreover, Defendants' blanket prohibition on signs is not narrowly tailored to serve any significant government interest. Finally, the standardless policy permitting Capitol Police to impose indefinite premises bans on members of the public for Statehouse policy violations, regardless of the severity of the violation, is vague, overbroad, and unconstitutionally suppresses core petitioning activities protected under the First Amendment without due process of law. Each of these infirmities render the Statehouse regulations and policies facially invalid.

Plaintiffs have demonstrated in their memorandum of law that they are substantially likely to prevail on the merits; Plaintiffs will suffer irreparable harm absent an injunction; the harm to Plaintiffs and members of the public wishing to assemble at the Statehouse outweighs any conceivable harm to the state; and the public interest supports the issuance of a preliminary injunction.

Accordingly, this Court should grant Plaintiff's motion for a preliminary injunction prohibiting Defendant from enforcing the Act with respect to all individuals seeking to assemble at the Kansas Statehouse.

Respectfully submitted,

/s/ Lauren Bonds
Lauren Bonds, KS No. 27807
Zal Kotval Shroff, KS No. 28013
ACLU Foundation of Kansas
6701 W. 64th Street, Ste. 210
Overland Park, KS 66202
Phone: (913) 490-4100
Fax: (913) 490-4119
lbonds@aclukansas.org
zshroff@aclukansas.org

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 4th day of April, 2019, which will send a notice of electronic filing to all attorneys of record.

/s/ Lauren Bonds
Lauren Bonds